IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GREEN SOURCE HOLDINGS, LLC                                              PLAINTIFF

v.                              Case No. 1:18-cv-1067

INGEVITY CORPORATION, *et al.*                                         DEFENDANTS

# ORDER

Before the Court is Defendants Ingevity Corporation; Ingevity Arkansas, LLC; and Ingevity South Carolina, LLC's Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 33). Plaintiff Green Source Holdings, LLC filed a response. (ECF No. 38). Defendants filed a reply. (ECF No. 39). The Court finds that the matter is ripe for consideration.

## I. BACKGROUND

This case involves allegations of patent infringement in violation of the United States patent laws, as codified in Title 35 of the United States Code. Plaintiff is a Texas-based research and development company that develops environmentally friendly methods of injecting natural chemicals into oil and gas formations to increase their production, as well as methods of putting these chemicals in pipelines to increase the flowability of chemicals through the pipes. Relevant to this case, Plaintiff owns nine certain patents, all of which are generally directed toward methods of utilizing a family of chemical compounds called "terpenes," derived from natural materials like pine trees, to extract, liquefy, and/or solubilize hydrocarbons such as coal, oil shale, tar sands, crude oil, and heavy crude oil.

Defendant Ingevity Corporation ("Ingevity") is a Delaware corporation, headquartered in South Carolina, and is the parent corporation of Defendants Ingevity Arkansas, LLC and Ingevity South Carolina, LLC, both of which are Delaware limited liability companies. Ingevity is a

supplier of specialty chemicals and high performance activated carbon materials, whose products are used in a wide variety of applications in various industries. Defendant Ingevity Arkansas, LLC operates a plant in Crossett, Arkansas, that manufactures certain chemical products. Ingevity company internet servers are also housed at the Crossett plant.

Plaintiff's amended complaint alleges that Defendants are infringing on its nine patents by making and selling EnvaSolv, a biodegradable solvent product that may be used in oilfield formations for enhanced oil and gas recovery and to increase flow ability by decreasing viscosity. Specifically, Plaintiff alleges that Defendants make, sell, and ship EnvaSolv at the Crossett plant and that Defendants have sold EnvaSolv to customers in Arkansas, including to the company Anchor USA, which is allegedly located in Fayetteville, Arkansas.

On February 1, 2019, Defendants filed the instant motion, contending that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff opposes the motion.

## II. DISCUSSION

Defendants move for dismissal based on improper venue and for failure to state a claim upon which relief may be granted. The Court will first address Defendants' Rule 12(b)(3) arguments and, if necessary, the Court will then take up Defendants' Rule 12(b)(6) arguments.

**A. Venue**

Defendants argue that Plaintiff's allegations fail to establish that venue is proper in the Western District of Arkansas and, thus, the Court should dismiss this case. Plaintiff disagrees, contending that its allegations establish proper venue. Plaintiff alternatively argues that the Court should permit the parties to conduct venue discovery and, failing that, Plaintiff asks that the Court transfer this case to the District of South Carolina. The Court will first address the parties'

arguments regarding whether venue is proper in the Western District of Arkansas. If necessary, the Court will then address Plaintiff's alternative arguments regarding venue discovery and transferring this case to another judicial district.

### 1. Venue Allegations

Venue is "the place where the power to adjudicate is to be exercised, the place where the suit may be or should be heard." *Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.*, 343 F.2d 7, 11 (8th Cir. 1965). "Venue requirements exist for the benefit of defendants." *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 928 (8th Cir. 1997). "One of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district, having no real relationship to the dispute." *Id.* (internal quotation marks and citations omitted).

A party may move to dismiss an action that is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). When reviewing a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), courts apply the same standard used for other motions to dismiss. *Twin Lakes Sales, LLC v. Hunter's Specialties, Inc.*, 2005 WL 1593361, at *1 (D. Minn. July 6, 2005); *see also Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-CV-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017) (conducting venue analysis in a patent infringement case). In a patent context, when venue is challenged, the plaintiff bears the burden of demonstrating that venue is proper in the chosen judicial district. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). "With respect to the well-pleaded facts in a plaintiff's complaint, in the 12(b)(3) context, the majority of circuit courts . . . accept these facts as true . . . to the extent that such facts are uncontroverted by [the] defendant's affidavit." *Kranos*, WL 3704762, at *2. If a defendant submits affidavits or other evidence contradicting specific venue allegations in a plaintiff's complaint, the court is no longer required to accept those venue allegations as true. *Id.*; *see also Minn. Supply Co. v. Mitsubishi Caterpillar Forklift Am. Inc.*, 822 F. Supp. 2d 896, 914 n.26 (D. Minn. 2011) (stating

that "a court need not defer to a plaintiff's venue allegations where they are contradicted by the defendant['s] affidavits").

"Where no special venue statute is applicable, the general venue statute, 28 U.S.C. § 1391, applies." *Catholic Order of Foresters v. U.S. Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1154 (N.D. Iowa 2004). Patent infringement cases fall within the category of cases governed by a special venue statute. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). The venue statute governing patent claims states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The patent venue statute and its requirements must be strictly construed. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 926 (E.D. Tex. 2017).

Defendants argue that venue is not proper in the Western District of Arkansas under 28 U.S.C. § 1400(b) because neither of the two prongs which give rise to venue under that statute are satisfied. Specifically, Defendants state that they do not "reside" in the Western District of Arkansas and that they have not committed any act of alleged patent infringement in this District.[1] Plaintiff does not oppose Defendants' contention that they do not "reside" in the Western District of Arkansas, so the Court need only determine whether Defendants have committed acts of infringement in the Western District of Arkansas.[2]

---

[1] One fighting point between the parties concerns whether Defendants argued in their initial briefing papers that they do not have a regular and established place of business in Arkansas. Plaintiff contends that Defendants failed to make such an argument, while Defendants argue that they indeed argued that neither Ingevity nor Ingevity South Carolina, LLC have a regular and established place of business in Arkansas. The section Defendants point to in their initial brief (ECF No. 38, pp. 11-12) is unclearly worded, although a charitable reading could yield a finding that Defendants did make that argument. Ultimately, however, this order will not turn on the issue of whether Defendants have a regular and established place of business in Arkansas, so the Court need not further discuss the issue.

[2] Even assuming *arguendo* that Plaintiff argued that Defendants "reside" in the Western District of Arkansas, that argument would fail. For patent venue purposes, a domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1517. Plaintiff's amended complaint alleges that Defendants are all organized and exist

"The acts of infringement referred to in the patent venue statute are those acts defined by the statute dealing with infringement." *Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 942 (E.D. Tex. 2018). Direct infringement occurs when a party "without authority makes, uses, offers to sell, or sells any patented invention" in the United States. 35 U.S.C. § 271(a). However, allegations of direct infringement are not required to satisfy the "acts of infringement" inquiry, as venue may lie where the defendant induced infringement or contributed to infringement. 35 U.S.C. § 271(b)-(c). "Where a complaint alleges infringement, the allegations satisfy the 'acts of infringement' requirement of § 1400(b)[,] [a]lthough the allegations may be contested." *Seven Networks*, 315 F. Supp. 3d at 492; *see also Kranos*, 2017 WL 3704762, at *3 (E.D. Tex. Aug. 28, 2017) (finding venue allegations regarding acts of infringement to be sufficient to establish venue because the defendant did not controvert those allegations); *Liqui-Box Corp. v. Reid Valve Co.*, 672 F. Supp. 198, 199 (W.D. Pa. 1987) (granting motion to dismiss for improper venue when the plaintiff failed to submit evidence controverting the defendant's affidavit, which rebutted the plaintiff's venue allegations).

Plaintiff's amended complaint alleges that Defendants make, sell, and ship the allegedly infringing EnvaSolv product in the Western District of Arkansas, and that they sell the product to customers in Arkansas, who subsequently use the product in an infringing manner in the Western District of Arkansas. (ECF No. 29). Defendants argue that these allegations are incorrect, as they do not manufacture, ship, or sell EnvaSolv from Arkansas, nor do they sell it to any customer in Arkansas.

In support of their argument, Defendants offer the declaration of Andrew Fox, who is the Global Commercial Director for Oilfield Technologies at Ingevity. (ECF No. 37-1). Mr. Fox

---

under the laws of Delaware, so venue would not be proper in the Western District of Arkansas based on Defendants' residency.

avers that Defendants do not manufacture EnvaSolv or mix it with other oilfield chemicals at any plant or facility (including the plant in Crossett, Arkansas) but, rather, buys EnvaSolv from a third-party manufacturer in France. Mr. Fox states that Ingevity then sells Envasolv to a few customers around the world, none of which are in Arkansas. Mr. Fox states further that Defendants do not manufacture, sell, package, or ship EnvaSolv in Arkansas and that Ingevity has never sold EnvaSolv to any customer for application in Arkansas, including any company called Anchor USA. Mr. Fox also states that, to his knowledge, no customer has ever utilized EnvaSolv for any application in the Western District of Arkansas. Mr. Fox also avers that the plant in Crossett, Arkansas, manufactures chemicals that are not at issue in this case, that the internet servers located at the Crossett plant are for business operations there, and that the Crossett internet servers do not maintain or store any internet activity related to the sale of EnvaSolv. Defendants conclude that the Fox declaration controverts all of Plaintiff's venue allegations and, thus, Plaintiff cannot satisfy its burden of showing that venue is proper in the Western District of Arkansas.

Plaintiff responds that its amended complaint asserts three acts of infringement: that Defendants market and sell EnvaSolv to customers in Arkansas who then use the product in the Western District of Arkansas; that Defendants sell EnvaSolv on their website, which is accessible in the Western District of Arkansas and is maintained on the internet servers at the Crossett, Arkansas plant; and that Defendants make EnvaSolv at the Crossett, Arkansas plant. (ECF No. 38, p. 10). Plaintiff argues that Defendants' Fox declaration is conclusory and self-serving and, thus, the above-listed venue allegations should be taken as true for venue purposes, thereby establishing proper venue in the Western District of Arkansas. To this end, Plaintiff takes issue with several aspects of the Fox declaration, arguing that it lacks necessary details "to check the authenticity of [its] statements," such as additional information regarding the French third-party manufacturer from which Defendants claim to purchase EnvaSolv, as well as identifying

information regarding all customers who purchase EnvaSolv. Plaintiff also expresses doubt that Defendants' Crossett, Arkansas plant does not manufacture EnvaSolv, as EnvaSolv is made from terpenes derived from pine trees, and prior to being purchased by Defendants, the Crossett, Arkansas plant manufactured chemicals derived from pine trees.[3] Plaintiff also asserts, without citing to supporting authority, that the Fox declaration is "tainted' by Defendants' refusal to participate in a Rule 26(f) conference, thereby beginning the parties' discovery period.

In reply, Defendants argue that the Fox declaration is valid and establishes Mr. Fox's personal knowledge of the EnvaSolv product line, based on his capacity as the Global Commercial Director for Oilfield Technologies at Ingevity. Defendants argue further that the Fox declaration is unaffected by the fact that the parties have not conducted discovery, as the parties mutually agreed in an email exchange that they would postpone their Rule 26(f) conference until after the Court issues an Initial Scheduling Order. (ECF No. 39-1, p.1). Defendants also argue that Plaintiff may not rest on the venue allegations in its amended complaint now that Defendants have produced evidence rebutting those allegations. Defendants argue that, in this instance, Plaintiff bore the affirmative duty to produce evidence supporting venue and failed to do so. Defendants also argue that Plaintiff has produced nothing but speculation that the Crossett, Arkansas plant has anything to do with the EnvaSolv product. Accordingly, Defendants argue that the Court should credit the Fox declaration and find that Plaintiff has not satisfied its burden to establish proper venue in the Western District of Arkansas.

The Court agrees with Defendants. As discussed above, Plaintiff bears the burden of demonstrating that venue is proper in the Western District of Arkansas. *In re ZTE (USA) Inc.*, 890 F.3d at 1013. Plaintiff contends that venue is proper in the Western District of Arkansas under the

---

[3] Defendants purchased the Crossett, Arkansas plant from Georgia-Pacific in 2018. (ECF No. 38-2). Prior to the purchase, Georgia-Pacific manufactured pine-based chemical products at the plant. (ECF No. 38-2).

second prong of the patent venue statute because Defendants have committed acts of infringement and have a regular and established place of business in this judicial district. Plaintiff's venue allegations in its amended complaint would ordinarily suffice to make a showing of proper venue. *Kranos*, WL 3704762, at *2. However, Defendants produced the Fox declaration, which controverts Plaintiff's venue allegations. *Id.*; *Seven Networks*, 315 F. Supp. 3d at 492 (stating that a plaintiff's patent venue allegations may be contested). Despite Plaintiff's contentions otherwise, the Court finds that the Fox declaration is valid evidence that can be considered for venue purposes.[4]

Because Defendants produced the Fox declaration—which states, *inter alia*, that Defendants do not manufacture, sell, package, or ship EnvaSolv in Arkansas and that Ingevity has never sold EnvaSolv to any customer in Arkansas or for application in Arkansas—Plaintiff must produce countering evidence demonstrating that Defendants did, in fact, manufacture, sell, package, or ship EnvaSolv in Arkansas or that they sold EnvaSolv to an Arkansas customer who subsequently used the product in an infringing manner in Arkansas. *Liqui-Box*, 672 F. Supp. at 199 (granting motion to dismiss for improper venue because the plaintiff produced no evidence countering the defendant's affidavit contesting venue allegations); *see also In re ZTE (USA) Inc.*, 890 F.3d at 1013 (holding that "upon motion by the [d]efendant challenging venue in a patent case,

---

[4] "An affidavit, by definition, is a statement reduced to writing and the truth of which is sworn to before someone . . . authorized to administer an oath." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (internal quotation marks and emphasis omitted). An affidavit "shall be made on personal knowledge, shall set forth . . . facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005). Ordinarily, a valid affidavit is signed, attested before a notary public, and bears a notary's seal. *Jenkins v. Winter*, 540 F.3d 742, 747 (8th Cir. 2008). However, an unsworn declaration may serve as an alternative to a formally attested affidavit if it is signed, dated, and states "under penalty of perjury" that the information within is true and correct. 28 U.S.C. § 1746. The Fox declaration is signed, dated, and contains the requisite "penalty of perjury" language. It also establishes that Mr. Fox has personal knowledge of its contents and that he is competent to testify to the matters stated therein. The fact that the declaration does not contain as much information as Plaintiff would like is of no import to its validity as a declaration, and Plaintiff has cited no caselaw providing an exception to the well-established rule that a plaintiff's venue allegations can be controverted by a defendant's evidence. Accordingly, the Court finds that it may consider the Fox declaration in rebuttal to Plaintiff's venue allegations.

the [p]laintiff bears the burden of establishing proper venue"). Plaintiff has not done so and has instead offered argument that the Court should believe its venue allegations over the statements of the Fox declaration establishing that Defendants have not sold EnvaSolv to any Arkansas customer.[5] Plaintiff also offers speculation and conjecture that the Defendants' pine-based EnvaSolv product is likely made at the Crossett, Arkansas plant because that plant was previously used by another company to produce other pine-based chemical products.[6] The Court finds this insufficient to make the requisite showing for venue.

Accordingly, the Court finds that Plaintiff has failed to satisfy its burden of demonstrating proper venue in the Western District of Arkansas. However, this does not conclude the Court's analysis. The Court must now address Plaintiff's request for venue discovery and then, if necessary, Plaintiff's request that the Court transfer this case to the District of South Carolina in lieu of dismissal.

---

[5] Plaintiff's amended complaint alleges that Defendants committed an act of indirect infringement by selling EnvaSolv "to customers who do in fact use the product in an infringing manner [in the Western District of Arkansas.]" (ECF No. 29, p. 8). Although this allegation could be read broadly as alleging that Defendants sell EnvaSolv to non-Arkansas customers who then take the product to Arkansas for application, Plaintiff's briefing papers opposing the instant motion describe its own allegation as follows: "Ingevity markets and sells . . . Envasolv to customers in the Western District of Arkansas, who then use the product in an infringing manner in the Fayetteville Shale in this District." (ECF No. 38, p. 10). Using this interpretation, the Court finds that this allegation is subsumed in the allegation that Defendants sold EnvaSolv to Arkansas customers. The Court finds these allegations insufficient to establish venue because the Fox declaration states that Defendants have not sold EnvaSolv to any customer in Arkansas. If no Arkansas customer has purchased EnvaSolv, it logically follows that no Arkansas customer could then have used EnvaSolv in an infringing manner in the Western District of Arkansas.

[6] "[C]ourts have generally held that the mere fact that a website that displays the allegedly infringing mark can be accessed in the district is not sufficient for venue in the absence of sales in the district or other activities aimed at the district." *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1184 (N.D. Cal. 2014) (collecting cases holding that an interactive website does not establish venue if no orders were placed and shipped to the district). The Fox declaration states that Defendants have not sold EnvaSolv to any customer in Arkansas and that the internet servers at the Crossett, Arkansas plant are unrelated to online EnvaSolv sales, and Plaintiff has offered no evidence demonstrating otherwise. Thus, Plaintiff's allegation that Defendants' website—on which EnvaSolv may be purchased—is accessible in Arkansas does not establish venue.

## 2. Venue Discovery

Plaintiff asks the Court to allow the parties to undergo venue discovery to learn more about EnvaSolv. Specifically, Plaintiff contends that in January 2019, it served venue discovery requests on Defendants, which have not been answered. Plaintiff now asks that the Court require Defendant to respond to those requests and give Plaintiff the opportunity to depose corporate representatives on Defendants' discovery responses. Defendants contend that venue discovery is unnecessary considering Plaintiff's failure to offer evidence rebutting the Fox declaration and its contents. Defendant also asserts that Plaintiff's January 2019 discovery requests do not relate to venue but, rather, relate to the merits of this case.

"Generally, district courts have broad discretion in determining whether to grant limited discovery to explore jurisdictional facts (including venue)." *Johnson v. Emerson Elec. Co.*, Case No. 4:13-cv-1240-JAR, 2013 WL 5442752, at *4 (E.D. Mo. Sept. 30, 2013). "Although discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted . . . [courts] need not permit even limited [venue] discovery" when a party seeks venue discovery based only on bare allegations and conclusory assertions, and despite the opposing party's sworn declaration. *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 874 (E.D. Va. 2013) (internal quotation marks omitted); *cf. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.").

After careful consideration, the Court finds that Plaintiff's request for venue discovery should be denied. Plaintiff does not indicate any specific facts it believes it would uncover through venue discovery that would allow it to rebut the Fox declaration and thereby show proper venue in the Western District of Arkansas. Rather, Plaintiff indicates vaguely that it will "learn more about where EnvaSolv is made, sold, shipped, stored, and used," (ECF No. 38, p. 8) if the Court

requires Defendants to answer the January 2019 discovery requests—which include thirty-five requests for production and seven interrogatories, many of which do not concern venue (ECF No. 38-4)—and participate in attendant depositions of Defendants' corporate representatives. In light of Defendants' specific declaration and the lack of any concrete proffer from Plaintiff, the Court finds that Plaintiff has failed to establish that venue discovery is warranted. *See Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 934 (E.D. Va. 2017) (denying request for venue discovery because the movant "has not offered a basis to believe discovery will yield information supporting venue under any factor"); *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1187 (N.D. Cal. 2014) (denying request for venue discovery in patent case because, *inter alia*, the movant "offered nothing . . . that leads the Court to believe that venue discovery will change the result on this [venue] issue"); *Va. Innovation Scis., Inc.*, 928 F. Supp. 2d at 874. Accordingly, the Court will not permit the parties to undergo venue-specific discovery.

### 3. Dismissal or Transfer

In the event that its other arguments fail, Plaintiff asks the Court to transfer this case to the District of South Carolina, where Ingevity's primary office is located and where Plaintiff contends that Defendants offer to sell and sell EnvaSolv, along with directions on how to use the product in an infringing manner. Although Defendants ask the Court in the instant motion to dismiss this case for improper venue, their reply brief does not oppose or otherwise address Plaintiff's contention that a transfer to the District of South Carolina would be proper in lieu of dismissal.

When a court finds that venue is improper in the judicial district in which a case was filed, the court must dismiss the case unless a transfer to another district would "be in the interest of justice." 28 U.S.C. § 1406(a). As discussed above, the Court has found that venue is improper in the Western District of Arkansas, so the Court must either dismiss or transfer this case. Based on Plaintiff's contentions regarding Defendants' alleged sale of EnvaSolv in South Carolina, the

11

Court concludes that a transfer there would be in the interest of justice. Although this case has not yet progressed to the point of claim construction, dismissing the case and requiring Plaintiff to immediately refile in another judicial district would serve only to delay the progress of justice. Accordingly, in lieu of dismissal, the Court will exercise its discretion to transfer this case to the District of South Carolina. *See* 28 U.S.C. § 1406(a).

### B. Failure to State a Claim

Because the Court has found that the instant motion will be granted in part with respect to Defendants' Rule 12(b)(3) arguments, it is unnecessary to address the parties' arguments regarding dismissal pursuant to Rule 12(b)(6).

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 33) should be and hereby is **GRANTED IN PART AND DENIED IN PART**. The Court finds that venue is improper in the Western District of Arkansas and that, in lieu of dismissal, a transfer would be in the interest of justice. 28 U.S.C. § 1406(a). Accordingly, the Clerk of Court is directed to immediately **TRANSFER** this case to the United States District Court for the District of South Carolina for further adjudication.

**IT IS SO ORDERED**, this 6th day of May, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge